**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

In re:  Jonathan & Debra Mogg                )    Case No.: <u>14-31584</u>
                                             )    ☐ Original Chapter 13 Plan
                                             )    ☒ Amended Plan Number __1___
                                             )    (Changes must be <u>underlined</u>)
                Debtor(s).                   )    ☐ Limited Service Applicable

**CHAPTER 13 PLAN AND NOTICE OF TIME TO OBJECT**

*CHAPTER 13 PROCEDURES MANUAL* The provisions of the Court's Chapter 13 Procedures Manual are incorporated herein by reference and made part of this Plan. This manual is available at *www.ilsb.uscourts.gov*.

*YOUR RIGHTS WILL BE AFFECTED* You should read these papers carefully and discuss them with your attorney. Anyone opposing any provision of this Plan as set forth below must file a timely written objection. This Plan may be confirmed without further notice or hearing unless written objection is filed and served within 21 days after the conclusion of the 11 U.S.C. § 341(a) Meeting of Creditors. Objections to an amended Plan must be filed and served within 21 days after the date of filing of the amended Plan.

**If you have a secured claim, this Plan may void or modify your lien if you do not object to the Plan.**

*THIS PLAN DOES NOT ALLOW CLAIMS* A Creditor must file a timely Proof of Claim to receive distribution as set forth in this Plan. Even if the Plan provides for payment, no payment will be made unless a Proof of Claim is timely filed.

**1.  *PAYMENTS***

The Debtor submits to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the Plan. The payment schedule is as follows:

| Start Month # | End Month # | Monthly Payment | Total |
|---|---|---|---|
| 1 | 60 | $ 210.00 | $ 12,600.00 |
|   |    |          |             |
|   |    |          |             |
| Debtors shall also submit to the Trustee any proceeds received during the pendency of the case in excess of $17,000.00 or 50% of the net proceeds, whichever amount is lower. Debtors hereby incorporate the terms of the Settlement Agreement approved March 4, 2008 in In re Booth, Case No. 07-30459 (Bankr. S.D. Il. 2008) concerning these proceeds. ||||
| Total Months:  60 | | Grand Total Payments:  $ 12,600.00 ||

**Wage Order Required:** ☒Yes ☐ No **The Debtor from whose check the payment is deducted:**  <u>Jonathan Mogg</u>

**Employer's name, address, city, state, phone:**  <u>Millstadt Ambulance Service,  Attn: Payroll Dept.</u>

<u>108 S. Jefferson St.</u>

<u>Millstadt, IL 62260</u>

☐  This Plan cures any previous arrearage in payments to the Chapter 13 Trustee under any prior Plan filed in this case.

---

**IMPORTANT PAYMENT INFORMATION**

NOTE: Plan payments to the Trustee must commence within 30 days of the filing of the petition. The Debtor must make direct payments to the Trustee by money order or cashier's check until the employer deduction begins. Include your name and case number on your money order or cashier's check. Contact the Trustee for the payment mailing address.

---

**ORDER OF DISTRIBUTION**

The following order of priority shall be utilized with respect to all payments received under the Plan terms:
1. Any unpaid portion of the filing fee;
2. Notice fees equal to $.50 per page of the Plan, multiplied by the number of creditors listed on the debtor's schedules;

    3.    The Trustee's fees for each disbursement, the percentage of which is fixed by the U.S. Trustee;
    4.    Ongoing mortgage payments on real estate;
    5.    Allowed administrative expenses;
    6.    Attorney's fees and other secured creditors as set forth in the Chapter 13 Procedures Manual;
    7.    Priority creditors as set forth in the Plan;
    8.    Any special class of unsecured creditors as set forth in the Plan; and
    9.    General unsecured creditors.

**2.** *ADMINISTRATIVE EXPENSES*

| Administrative Creditor | Estimated Amount of Claim |
|---|---|
| | |
| | |

**ATTORNEY'S FEES**

Attorney name:     WILLIAM A. MUELLER

☒ Flat fee through Plan $ 3,981.00   **OR**

☐ The Debtor's counsel elects to be paid on an hourly basis and will file a fee application(s) for approval of fees. No fees shall be disbursed until a fee application is approved by the Court. However, the Trustee shall reserve a total of $4,000.00 for payment toward such application, pursuant to the Order of Distribution and the Chapter 13 Procedures Manual.

**3.** *REAL ESTATE – CURING DEFAULTS AND MAINTAINING PAYMENTS*

Post-petition payments shall be made by the Trustee if (i) a pre-petition default exists; (ii) a post-petition, pre-confirmation default occurs; or (iii) a post-confirmation default arises that cannot be cured by the Debtor within six months. Otherwise, post-petition payments may be made directly by the Debtor to the creditor. Where the Trustee is disbursing the ongoing payments, the first mortgage payment to be disbursed will be that which becomes due in the second month after the month in which the petition is filed. In this situation, a mortgage holder should file a "pre-petition" claim that includes both the pre-petition arrearage and all post-petition contractual payments not disbursed by the Trustee as set forth above. Similarly, a Debtor must include the amount of any such payment(s) in the pre-petition arrearage calculation. (See the Chapter 13 Procedures Manual for examples and further instruction.)

For ongoing payments brought in due to a post-petition default, payments by the Trustee are to begin on the first due date after the month in which the amended or modified Plan is filed, or as otherwise ordered by the Court. All payments received from the Trustee must be credited by the creditor as the Plan directs. Pursuant to 11 U.S.C. § 524(i), ongoing post-petition mortgage payments tendered under the Plan by either the Trustee or the Debtor shall be credited by the holder and/or servicer of said claim only to such payments and may not be used for any other purpose without prior approval of the Court. Pursuant to 11 U.S.C. § 524(i), payments for pre-petition mortgage arrearages tendered under the Plan by the Trustee shall be credited by the holder and/or servicer of said claim only to such arrearages and may not be used for any other purpose without prior Court approval

The Chapter 13 Procedures Manual sets forth the terms concerning notice of payment changes; notice of fees, expenses and charges; form and content of said notice; determination of fees, expenses or charges; notice of final cure payment; response to notice of final cure payment; determination of final cure and payment; and the consequences of the failure to notify. If a conflict arises between the terms set forth in the Chapter 13 Procedures Manual and any bankruptcy rule, the federal and local bankruptcy rule(s) shall supercede the Manual.

**A) Payment of ongoing post-petition mortgage payments by the Debtor is as follows**:

| Creditor | Estimated Monthly Payment | Payment Start Date | Payment End Date |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**B) Payment of ongoing post-petition mortgage payments by the Trustee is as follows**:

| Creditor | Payment Address | Estimated Monthly Payment | Payment Start Date | Payment End Date |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

> The estimated monthly payment amount referenced in Part 3A and 3B above may change based upon Proof(s) of Claim filed and/or subsequent Supplemental Proof(s) of Claim.

**C) Payment of pre and/or post-petition arrearages, arising from a default in mortgage payments that were being made directly by the Debtor to the creditor, is as follows**:

| Creditor | Property Address | Lien No. | Estimated Amount of Claim |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**D) Payment of post-petition arrearages, arising from a default in Plan payments, is as follows**:

| Creditor | Total Amount of Post-petition Claim |
|---|---|
| | |
| | |
| | |

Use of this section is more fully explained in the Chapter 13 Procedures Manual. In summary, this section should be used (i) when the ongoing mortgage payment is being disbursed by the Chapter 13 Trustee and (ii) the post-petition arrearage arises from a default by the Debtor in the Plan payments. Furthermore, the use of this section constitutes an affirmative representation by the filing party that the Debtor and creditor(s) have agreed to have this post-petition arrearage paid as a separate claim *unless the next box is checked.*

☐ By checking this box, the filing party represents that he or she has made reasonable and diligent efforts to secure an agreement with the creditor for the above-described treatment of this post-petition arrearage. Furthermore, upon request by any part in interest, the filing party shall provide a detailed, written explanation of the steps taken to attempt to secure an agreement with the creditor. Abuse of the letter and spirit of this provision may subject the filing party to any sanctions the Court deems appropriate.

If attorney's fees are to be sought in conjunction with this post-petition arrearage, a Proof of Claim for said fees must be filed with the Court and a separate agreed order submitted to the Court.

**E) Real Estate Property Tax Claims shall be paid as follows**: To the extent that taxes are due or will become due, they will be paid directly by the Debtor or pursuant to any applicable note and mortgage on the property.

**F) Real Estate Secured Claims to which 11 U.S.C. § 506 Valuation is Applicable ("Cram Down Claims")**:

Claims listed in this subsection are debts secured by real estate that is not the Debtor's primary residence. These claims will be paid either the value of the secured property as stated below or the secured amount of that claim as listed on the Proof of Claim, whichever is less, with interest as provided below. Any portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim without the necessity of an objection.

| Creditor Collateral | Value | Estimated Claim | Interest Rate | Estimated Monthly Payment |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## 4. *SECURED CLAIMS AND VALUATION OF COLLATERAL UNDER 11 U.S.C. SECTION 506*

**A) Secured Claims to which 11 U.S.C. § 506 Valuation is NOT Applicable ("910 Claims"):**

Claims listed in this subsection are debts secured by a purchase-money security interest in a personal motor vehicle acquired for the personal use of the debtor, incurred within the 910 days preceding the date of the filing of the bankruptcy *or* debts secured by a purchase-money security interest in "any other thing of value" incurred within one year preceding the date of the filing of the bankruptcy. *These claims will be paid in full with interest as provided below.*

| Creditor Collateral | Estimated Claim | Interest Rate | Estimated Monthly Payment |
|---|---|---|---|
| Motor Max / 1997 Dodge | $ 1,000.00 | 5.25% | $ 18.99 |
| | | | |
| | | | |

**B) Secured Claims to which 11 U.S.C. § 506 Valuation is Applicable ("Cram Down Claims")**:

Claims listed in this subsection are debts secured by personal property *not* described in the immediately preceding paragraph of this Plan. These claims will be paid either the value of the secured property as stated below or the secured amount of that claim as listed on the Proof of Claim, whichever is less, with interest as provided below. Any portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim without the necessity of an objection.

| Creditor Collateral | Value | Estimated Claim | Interest Rate | Estimated Monthly Payment |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**C) Surrender of Property:**

This section allows for the surrender of collateral. The Debtor surrenders any and all right, title and interest in the following collateral. If the creditor believes that it may be entitled to a deficiency claim under applicable law, then the secured creditor must file its secured claim before the non-governmental claims bar date. Within 90 days following the claims bar date, the secured creditor shall file an amended Proof of Claim indicating the unsecured deficiency balance (if any), unless an extension is approved by the Court. Any objection to a timely filed deficiency claim shall be filed within 45 days of the date the deficiency claim was filed, or the same is deemed allowed. Absent leave of Court, deficiency claims filed outside of this 90-day period (or any extension granted by the Court) are deemed disallowed without action by any party. Upon entry of the Order lifting the automatic stay, the Debtor must reasonably cooperate with the creditor in either making the collateral available for pickup or in supplying information of the collateral's last known location.

| Creditor | Collateral Surrendered | Estimated Monies Previously Paid by the Trustee |
|---|---|---|
| | | |
| | | |
| | | |

**5. *SEPARATELY CLASSIFIED CLAIMS***

| Creditor | Secured/ Unsecured | Estimated Claim | Interest Rate | Paid By |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**6. *EXECUTORY CONTRACTS AND UNEXPIRED LEASES***

All executory contracts and unexpired leases are *rejected*, except the following which are assumed:

   **A) Payment of executory contracts and unexpired leases *directly* by the Debtor is as follows**:

| Creditor | Collateral | Monthly Payment | # of Payments Remaining |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

   **B) Payment of arrearages by the Trustee is as follows**:

| Creditor | Collateral | Address | Est. Claim | Int. Rate | Estimated Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

> Since the claims in Part 3F, 4A, 4B and 6B are based on the allowed claim amount, the estimated monthly payment in those sections is provided by the Debtor for reference only.

**7. *PRIORITY CLAIMS***

   **A) Domestic Support Obligations:**

The Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.

1. Name of Debtor owing a domestic support obligation:   Jonathan Mogg

| DSO Claimant Name | Address, City, State and ZIP | Estimated Arrearages | Current |
|---|---|---|---|
| Denise Schmidt | 1005 Columbia Rd Dupo, IL 62239 | $ 3,136.00 | Yes |
|  |  |  |  |
|  |  |  |  |

   **B) Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. § 507(a)(1)(B):**

| Government Entity | Estimated Arrearages | Estimated Amount Paid | State Agency Case Number |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

C) **Secured Income Tax Claims and Priority Claims Under 11 U.S.C. § 507:**

All allowed secured tax obligations shall be paid in full by the Trustee as set forth herein. All allowed priority claims shall be paid in full by the Trustee as set forth herein, unless the creditor agrees otherwise:

| Creditor | Priority/Secured | Estimated Claim Amount | Interest Rate (If Any) |
|---|---|---|---|
| Internal Revenue Service | Priority | $ 1,263.00 | 0% |
| Illinois Department of Revenue | Priority | $ 1,492.00 | 0% |
| Missouri Department of Revenue | Priority | $36.14 | 0% |

**8. *LONG-TERM DEBTS PAID DIRECTLY BY THE DEBTOR OR CO-DEBTOR TO THE CREDITOR***

| Creditor | Basis for Treatment | Estimated Claim Amount | Monthly Payment | Number of Payments Remaining |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**9. *AVOIDANCE OF LIENS***
The Debtor will file a separate motion or adversary proceeding to avoid the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions, and the Trustee shall make no distributions thereon.

| Creditor | Collateral/Property | Amount of Lien to be Avoided |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**10. *UNSECURED CLAIMS***
The minimum amount the Debtor must pay to all classes of allowed non-priority unsecured claims is _____$0.00_____ or ☐ 100%.

**11. *POST PETITION CLAIMS***
Post-petition claims shall not be paid by the Trustee unless the Debtor amends the Plan to specifically address such claims. Absent such an amendment, the Trustee shall not disburse any monies on said claims and these debts will not be discharged.

**12. *LIEN RETENTION***
With respect to each allowed secured claim to be paid in full through the Plan, other than mortgage or long-term debts, the holder of such claim shall retain the lien securing its claim until the earlier of (i) the payment of the underlying debt determined under non-bankruptcy law; or (ii) entry of the discharge order under 11 U.S.C. § 1328.

**13. *PROOF OF LIEN PERFECTION***
Any individual and/or entity filing a secured claim must provide the Chapter 13 Trustee, the Debtor, and Debtor's counsel with proof of lien perfection at the time its claim is filed and shall attach such documentation to its Proof of Claim pursuant to Bankruptcy Rule 3001.

**14. *VESTING OF PROPERTY OF THE ESTATE***
Property of the estate shall revest in the Debtor upon confirmation of the Debtor's Plan, subject to the rights, if any, of the Trustee to assert a claim to additional property of the estate acquired by Debtor post-petition pursuant to 11 U.S.C. § 1306.

**15. *PAYMENT NOTICES***
Creditors in Section 3 of this Plan (whose rights are not being modified) and in Section 6 of this Plan (Assumed Executory Contracts/Unexpired Leases) may continue to mail customary notices or coupons to the Debtor or Trustee notwithstanding the automatic stay.

**16. *OBJECTIONS TO CLAIMS***
Absent leave of Court, any objection to a timely filed general unsecured claim shall be filed within 45 days following the expiration of the claims bar date for that claim.  Objections to secured and/or amended claims shall be filed within 45 days from the applicable claims bar date or within forty-five 45 days from the date of filing of the claim, whichever is later.

**17. *STAY RELIEF***
Notwithstanding any provision contained herein to the contrary, distribution to a secured creditor(s) who obtains relief from the automatic stay will terminate immediately upon entry of an Order lifting or terminating the stay, except to the extent that an unsecured deficiency claim is subsequently filed and allowed.  Absent an Order of the Court, relief from the automatic stay shall also result in the Trustee ceasing distribution to all junior lien holders.

**18. *DEBTOR REFUNDS***
Upon written request of the Debtor, the Trustee is authorized to refund to the Debtor, without Court approval, any *erroneous* overpayment of *regular* monthly payments received during the term of the Plan that have not been previously disbursed.

**19. *PLAN NOT ALTERED FROM OFFICIAL FORM***
By filing this Plan, the Debtor and the Debtor's counsel represent that the Plan is the official form authorized by the Court. Changes, additions or deletions to this Plan are permitted *only* with Leave of Court.

---

**20. *REASON(S) FOR AMENDMENT(S)***
Set forth a brief, concise statement of the reason(s) for the amendment(s).  In addition, if there is a substantial change to the proposed Plan payments, or if the Trustee so requests, file an amended Schedule I & J.

This plan is being amended to address the debt owed to Missouri Department of Revenue.

---

### Debtor's Declaration

I declare under penalty of perjury that the foregoing statements of value contained in this document are true and correct to the best of my knowledge and belief.

Dated: 11/18/2014

Signature of the Debtor: /s/ Jonathan Mogg

Signature of the Co-debtor: /s/ Debra Mogg

---

### Signature and Verification of Counsel for the Debtor

I have reviewed this plan and verify that it is proposed in good faith and, to the best of my knowledge and belief, does not include provisions or treatment that are forbidden by the Bankruptcy Code or Bankruptcy Rules.

Dated: 11/18/2014

Signature of Counsel: /s/    William A. Mueller

## NOTICE OF ELECTRONIC FILING AND
## CERTIFICATE OF SERVICE BY MAIL

STATE OF ILLINOIS      )          Case No.: 14-31584
                       )     SS
CITY OF BELLEVILLE     )          Chapter   13

Christy Heuer, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age, and resides in St. Clair County, Illinois.

On November 18, 2014, Deponent electronically filed with the Clerk of the U. S. Bankruptcy Court **Amended Plan Number 1**.

The Deponent served electronically the **Amended Plan Number 1** to the following parties:

U.S. Trustee
U. S. Bankruptcy Court
Russell C. Simon
and served by mail to the following parties:

| | | |
|---|---|---|
| **Ace Cash Express**<br>c/o National Credit Adjusters<br>PO Box 3023<br>Hutchinson, KS 67504-3023 | **Advanced Surgical CA**<br>C/o MNET Financial<br>61 Columbia STE D<br>Aliso Viejo, CA 92656 | **Advanced Ambulatory Surgical Care**<br>10448 Old Olive Street RD STE 100<br>Saint Louis, MO 63141 |
| **AFNI, Inc**<br>PO Box 3517<br>Bloomington, IL 61702-3517 | **AmerenIP**<br>PO Box 66884<br>Saint Louis, MO 63166 | **Ameren Illinois**<br>Credit and Collections<br>2105 E State Route 104<br>Pawnee, IL 62558 |
| **American InfoSource LP as agent for** Verizon<br>PO Box 248838<br>Oklahoma City, OK 73124-8838 | **Anesthesia Partners**<br>PO Box 634483<br>Cincinnati, OH 45263-4483 | **American InfoSource LP as agent for** Midland Funding LLC<br>PO Box 268941<br>Oklahoma City, OK 73126-8941 |
| **Ardmore Finance**<br>1223 Madison Avenue<br>Madison, IL 62060 | **Avon**<br>C/o Allied Data Corporation<br>13111 Westheimer STE 400<br>Houston, TX 77077-5547 | **AT&T Mobility II LLC**<br>% AT&T Services, Inc<br>Karen Cavagnaro, Paralegal<br>One AT&T Way, Room 3A104<br>Bedminster, NJ 07921 |
| **Avon**<br>C/o Sunrise Credit Services, Inc.<br>260 Airport Plaza<br>PO Box 9100<br>Farmingdale, NY 11735-9100 | **Bellevue Radiology Inc.**<br>PO Box 796023<br>Saint Louis, MO 63179-6000 | **Bellevue Radiology Inc.**<br>MCA Management Company<br>Medical-Commercial Audit Inc.<br>PO Box 480<br>High Ridge, MO 63049 |

| | | |
|---|---|---|
| **Cavalry SPV I, LLC**<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595 | **Citi Auto**<br>2208 Highway 121 STE 100<br>Bedford, TX 76021 | **Check N Go**<br>64 Carlyle Plaza<br>Belleville, IL 62220 |
| **CitiFinancial**<br>C/o Professional Bureau of Collections of Maryland, Inc.<br>PO Box 628<br>Elk Grove, CA 95759 | **Comprehensive Path Services**<br>PO Box 842049<br>Kansas City, MO 64184-2049 | **CitiFinancial Auto**<br>RC Care Center<br>PO Box 9585<br>Coppell, TX 75019-9585 |
| **Continental Finance**<br>PO Box 30311<br>Tampa, FL 33630 | **Crystal City Pul CC & Sleep Med**<br>1390 Highway 61 STE 2300<br>Festus, MO 63028 | **Cross Country Bank**<br>800 Delaware Avenue<br>Wilmington, DE 19801 |
| **Denise Schmidt**<br>1005 Columbia Rd.<br>Dupo, IL 62239 | **Dish Network**<br>Department 0063<br>Palatine, IL 60055-0063 | **Des Peres Eye Center**<br>12990 Manchester Rd Ste 202<br>St Louis, MO 63131 |
| **Dollars Today**<br>3315 Mississippi Avenue<br>Cahokia, IL 62206 | **Eye Anesthesia, LLC**<br>PO Box 4520<br>Carol Stream, IL 60197-4520 | **Drs. Beard & Holemen, LTD**<br>208 Bradford Lane<br>Waterloo, IL 62298-3267 |
| **First Bank of Delaware**<br>1000 Rock Run Parkway<br>Wilmington, DE 19801 | **First Premier Bank**<br>601 S. Minnesota Avenue<br>Sioux Falls, SD 57104 | **First National Bank**<br>500 E. 60th St. N<br>Sioux Falls, SD 57104 |
| **GE Capital**<br>C/o Global Vantedge<br>PO Box 12237<br>Hauppauge, NY 11788 | **Harrisonville Telephone Company**<br>170 Columbia Ctr<br>Columbia, IL 62236 | **GE Money Bank**<br>C/o John Lee Jackson<br>1445 Langham Creek Drive<br>Houston, TX 77084 |
| **Healthcare Phys. of So IL, PC**<br>PO Box 24007<br>Belleville, IL 62223 | **IHM Academy of EMS**<br>2500 Abbott Place<br>Saint Louis, MO 63143 | **HSBC Bank**<br>PO Box 5253<br>Carol Stream, IL 60197 |
| **IL Department of Healthcare &**<br>Family Services<br>PO Box 19405<br>Springfield, IL 62794 | **Illinois Department of Revenue**<br>Bankruptcy Section<br>PO box 64338<br>Chicago, IL 60664-0338 | **Illinois Department of Revenue**<br>100 W. Randolph<br>Ste 7-400<br>Chicago, IL 60601 |
| **Illinois Department of Revenue**<br>c/o Jeff Eisner-Chicago BK Services<br>100 West Randolph Street<br>JRTC 7-400<br>Chicago, IL 60601 | **Internal Revenue Service**<br>Kansas City, MO 64999-0025 | **Internal Revenue Service**<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| **IRS**<br>PO Box 21126<br>Philadelphia, PA 19114 | **IRS-Internal Revenue Service**<br>PO Box 21125<br>Philadelphia, PA 19114 | **IRS-Internal Revenue Service**<br>c/o Gerald Burke<br>US States Attorney's Office<br>9 Executive Drive Ste 300<br>Fairview Heights, IL 62208 |
| **IRS-Internal Revenue Service**<br>PO Box 21126<br>Philadelphia, PA 19114 | **Jefferson Memorial Hospital**<br>C/o Computer Credit Inc.<br>640 West Fourth Street<br>Winston Salem, NC 27113 | **JCPenney**<br>Attn: Bankruptcy Department<br>PO Box 103104<br>Roswell, GA 30076 |

| | | |
|---|---|---|
| **Jefferson Memorial Hospital**<br>Highway 61 South<br>Crystal City, MO 63019 | **Laboratory Corp of America**<br>C/o AMCA<br>PO Box 1235<br>Elmsford, NY 10523-0935 | **Labcorp**<br>C/o LCA<br>PO Box 2240<br>Burlington, NC 27216-2240 |
| **Laser & Dermatologic Surgery Center**<br>14377 Woodlake Drive STE 111<br>Town & Country, MO 63017 | **Legacy Bill Services**<br>10833 Valley View Street STE 150<br>Cypress, CA 90630 | **Laser & Dermatological**<br>C/o Tekcollect<br>PO Box 26390<br>Columbus, OH 43226 |
| **Medical Recovery Specialists**<br>2250 E. Devon Ave STE 352<br>Des Plaines, IL 60018-4519 | **Medstar Ambulance Inc**<br>C/o Pro Com Services of Illinois<br>PO Box 202<br>Springfield, IL 62705-0202 | **Medstar Ambulance**<br>PO Box 296<br>Sparta, IL 62286 |
| **Memorial Hospital**<br>C/o Firstsource Financial Solutions<br>PO Box 33009<br>Phoenix, AZ 85067-3009 | **Metro Heart Group**<br>C/o CACi<br>PO Box 270480<br>Saint Louis, MO 63127-0480 | **Memorial Hospital**<br>C/o H. Gary Apoian<br>PO Box 23860<br>Belleville, IL 62223 |
| **Metro West Anesthesia**<br>c/o Firstsource Advantage, LLC<br>PO Box 23860<br>Belleville, IL 62223-0860 | **Missouri Baptist Medical**<br>PO Box 504038<br>Saint Louis, MO 63150 | **Midwest Cardiovascular Center**<br>C/o CACi<br>PO Box 270480<br>Saint Louis, MO 63127-0480 |
| **Missouri Baptist Medical Center**<br>C/o Consumer Collection Mgmt<br>2333 Grissom Drive<br>Saint Louis, MO 63146 | **Missouri Title Loan**<br>4101 Jeffco Blvd<br>Arnold, MO 63010 | **Missouri Department of Revenue**<br>Division of Taxation<br>PO Box 385<br>Jefferson City, MO 65105 |
| **Mobile Records Scanning Systems**<br>6420 Southwest Avenue<br>Saint Louis, MO 63139 | **Powell Dermatology**<br>1034 S. Brentwood Blvd. #1160<br>Saint Louis, MO 63117 | **Motor Max**<br>PO Box 468<br>Columbus, GA 31902 |
| **Powell Dermatology**<br>C/o United Credit & Collections<br>PO Box 1075<br>Saint Charles, MO 63302 | **Premier Bankcard, Inc.**<br>C/o ARM<br>PO Box 129<br>Thorofare, NJ 08086-0129 | **Premier Bankcard**<br>C/o Academy Collection Service, Inc<br>10965 Decatur Rd.<br>Philadelphia, PA 19154 |
| **QC Financial Services**<br>1238 Camp Jackson Rd.<br>Cahokia, IL 62206 | **Quantum3 Group LLC as agent for**<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 | **Quantum3 Group LLC as agent for**<br>ACE Cash Express INC<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| **Quick Cash of Illinois, Inc.**<br>632 N. Market Street<br>Waterloo, IL 62298 | **Recovery Management Systems Corporation**<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | **Quick Cash of Illinois, Inc.**<br>632 N. Market St.<br>Waterloo, IL 62298 |

| | | |
|---|---|---|
| **Roundup Funding**<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111 | **Salute Visa Gold**<br>C/o Creditors Interchange<br>PO Box 2270<br>Buffalo, NY 14240-2270 | **Salute**<br>PO Box 11802<br>Newark, NJ 07101 |
| **Sam's Club**<br>PO Box 981400<br>El Paso, TX 79998 | **Slu**<br>PO Box 18353M<br>Saint Louis, MO 63195-8353 | **Santander Consumer USA, Inc.**<br>8585 N Stemmons Fwy Ste 1100-N<br>Dallas, TX 75247 |
| **Sound Health Services**<br>PO Box 790379<br>Saint Louis, MO 63179-0379 | **Southern IL Regional Wellness**<br>100 N 8th St Ste 232<br>East Saint Louis, IL 62201 | **South County Radiologists Inc**<br>PO Box 795312<br>Saint Louis, MO 63179-0701 |
| **Southwestern Illinois College**<br>Accounts Receivable<br>2500 Carlyle Avenue<br>Belleville, IL 62221 | **Sprint**<br>Attn: Bankruptcy Dept.<br>P.O. Box 7949<br>Overland Park, KS 66207-0949 | **Sprint**<br>PO Box 219554<br>Kansas City, MO 64121-9554 |
| **SSM Health Care Dept 0060**<br>Payment Center<br>PO Box 801776<br>Wrightstown, WI 54180-1776 | **SSM St. Clare Health Center**<br>PO Box 503788<br>Saint Louis, MO 63150-3788 | **SSM St Joseph Hospital**<br>C/o Medical Recovery Specialists<br>2250 E. Devon Ave STE 352<br>Des Plaines, IL 60018-4519 |
| **St Anthony's Medical Center**<br>10010 Kennerly Road<br>St Louis, MO 63128 | **St. Anthony's Medical Center**<br>PO Box 60560<br>Saint Louis, MO 63160-0560 | **St. Anthony's Medical Center**<br>PO Box 18715<br>Saint Louis, MO 63150-8715 |
| **St. Anthony's Medical Center**<br>C/o Consumer Adjustment Co<br>12855 Tesson Ferry Rd.<br>Saint Louis, MO 63128 | **St. Clare HC PHY Billing**<br>PO Box 504032<br>Saint Louis, MO 63150-4032 | **St. Anthony's Medical Center**<br>C/o CACi<br>PO Box 270480<br>Saint Louis, MO 63127-0480 |
| **St. Clare Health Center**<br>C/o Medical Recovery Specialists<br>2250 E. Devon Ave STE 352<br>Des Plaines, IL 60018-4519 | **St. Clare Health Center**<br>PO Box 505181<br>Saint Louis, MO 63150-5181 | **St. Clare Health Center**<br>c/o NCO Financial Systems<br>PO Box 15270<br>Wilmington, DE 19850 |
| **St. Elizabeth's Hospital**<br>C/o State Collection Service, Inc.<br>PO Box 6250<br>Madison, WI 53716-0250 | **St. Joseph's Hospital - Kirkwood**<br>525 Couch Avenue<br>Saint Louis, MO 63122 | **St. Elizabeth's Hospital**<br>Lock Box 4472<br>Carol Stream, IL 60197-4472 |
| **St. Joseph's Kirkwood**<br>C/o NCO Financial Systems, Inc.<br>PO Box 15270<br>Wilmington, DE 19850 | **St. Louis Eye Surgery**<br>PO Box 4520<br>Carol Stream, IL 60197 | **St. Joseph's Kirkwood**<br>C/o NCO Financial<br>1930 W. Bennett STE 100<br>Springfield, MO 65807 |
| **St. Mary's Health**<br>C/o NCO Financial<br>1930 W. Bennett STE 100<br>Springfield, MO 65807 | **St. Mary's Health Center**<br>PO Box 503945<br>Saint Louis, MO 63150-0001 | **St. Mary's Health Center**<br>PO Box 505168<br>Saint Louis, MO 63150-5168 |

| **Synchrony Bank**<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | **US Bank**<br>C/o Consumer Collection Management<br>PO Box 1839<br>Maryland Heights, MO 63043-1839 | **Title Cash**<br>4046 Jeffco Blvd<br>Arnold, MO 63010 |
|---|---|---|
| **US Department of Education**<br>PO Box 530260<br>Atlanta, GA 30353 | **Verizon Wireless**<br>1515 Woodfield Rd. STE 140<br>Schaumburg, IL 60173 | **US Department of Education**<br>501 Bleeker Street<br>Utica, NY 13501 |
| **WalMart**<br>PO Box 981400<br>El Paso, TX 79998 | **Western Anesthesiology**<br>339 Consort Drive<br>Ballwin, MO 63011-4439 | **Wcp Laboratories Inc.**<br>PO Box 60013<br>Saint Louis, MO 63160 |

by depositing a true copy of same, enclosed in a postage paid properly addressed wrapper, in a Belleville City Branch, official depository under the exclusive care and custody of the United States Postal Service, within the State of Illinois.

By: /s/ Christy Heuer